IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 1:12-cv-1256-WJM-MEH

ALFONSO A. CARRILLO, as Trustee and Agent for America's Home Retention Services, Inc.,

    Plaintiff,

v.

CASTLE, STAWIARSKI, LLC,
LAWRENCE E. CASTLE,
CYNTHIA LOWERY-GRABBER,
CAMILLE Y. HARLAN,
KIMBERLY MARTÍNEZ,
REAGAN LARKIN,
JENNIFER C. ROGERS,
ALLYSON L. BERRY,
BRITNEY BEALL-EDER,
CHRISTOPHER T. GROEN,
DEANNA L. WESTFALL,
DEANNA R. STODDEN,
PHILLIP A. VAGLICA,
CAREN JACOBS CASTLE,
LEO C. STAWIARSKI, JR.,
ROBERT J. HOPP & ASSOCIATES LLC,
BOYD A. ROLFSON,
NEAL J. VALROZ,
NATHAN S. SILVER,
ROBERT J. HOPP,
ARONOWITZ & MECKLENBURG, LLP,
ROBERT J. ARONOWITZ,
STACEY L. ARONOWITZ,
SUSAN J. HENDRICK,
JOAN OLSON,
ANDREA FRICKLES-JORDAN,
MONICA KADMAS,
EMILY JENSIK,
LISA CANCANON,
JENNIFER H. TRACHTE,
CATHERINE A. HILDRETH,
DONNA BAKALOR,
GOVERNMENT TECHNOLOGY SYSTEMS (GTS)

Defendants.

# ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE AND DISMISSING CASE WITHOUT PREJUDICE

On January 23, 2013, the Court entered an Order to Show Cause as to why this action should not be dismissed based on Plaintiff's failure to obtain counsel to represent his interests in this case. (ECF No. 23.)  As the Court previously noted, the False Claims Act—which forms the basis for Plaintiff's claims in this case—requires that the relator be represented by counsel.  See *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that a non-attorney *pro se* plaintiff may not litigate a *qui tam* action under the False Claims Act); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret [28 U.S.C.] § 1654 as authorizing qui tam relators to proceed pro se in FCA actions."); *U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004) (holding that non-attorney *pro se* litigants may not proceed in a *qui tam* action on behalf of the United States).

The Court notified Plaintiff on December 21, 2012 that he needed to find counsel.  (ECF No. 21.)  The Court then entered its Order to Show Cause and gave Plaintiff an additional thirty days to find counsel. (ECF No. 23.)  The Court's Order to

```
```

Show Cause specifically warned Plaintiff that the failure to obtain counsel by February 20, 2013 would result in dismissal of this case. To date, no attorney has entered an appearance on behalf of Plaintiff.

Accordingly, the Court ORDERS that this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute.[1] The Clerk shall close the case.

Dated this 28th day of February, 2013.

BY THE COURT:

_William J. Martinez_
United States District Judge

---

[1] In accordance with 31 U.S.C. § 3731(b), the Court has obtained the written consent of the Government before dismissing this action. (ECF No. 24.)

Show Cause specifically warned Plaintiff that the failure to obtain counsel by February 20, 2013 would result in dismissal of this case. To date, no attorney has entered an appearance on behalf of Plaintiff.

Accordingly, the Court ORDERS that this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute.[1] The Clerk shall close the case.

Dated this 28th day of February, 2013.

BY THE COURT:

*[signature]*

William J. Martinez
United States District Judge

---

[1] In accordance with 31 U.S.C. § 3731(b), the Court has obtained the written consent of the Government before dismissing this action. (ECF No. 24.)